## ARGUED AND DETERMINED

### IN THE

# SPUREME COURT OF IOWA.

---

### JULY TERM 1841.

Hon. CHARLES MASON, Chief Justice.
" JOSEPH WILLIAMS, } Associate Judges.
" THOMAS S. WILSON, }

---

## John F. Helmich *vs.* Adam Johnson.

### *Error to Desmoines.*

The District Courts have a common law jurisdiction over inferior tribunals, which may be enforced by writ of *certiorari.*

A justice of the peace has no right to set aside the verdict of a jury and grant a new trial.

Where there has been a *trial,* an application to set aside the judgment is unnecessary in order to entitle the party to an appeal.

This was originally an action for the trial of the right of property before a justice of the peace. After a full trial and verdict for Helmich, the justice of the peace granted a new trial, whereupon without going into the second trial, the counsel of Helmich sued out a writ of certiorari and removed the whole proceedings before the District Court of the county. This was done in pursuance of an order of the District Judge upon a regular application being made to him for that purpose.

12

A motion was made in the District Court to dismiss the proceedings for want of jurisdiction, such a case not having been presented as to authorize the granting of a writ of certiorari in pursuance of the statute. The counsel for Helmick contended that this was a common law writ, to be issued for purposes of this nature without any authority from statute law, but the court being of a contrary opinion sustained the motion to dismiss. A writ of error was thereupon brought in order to test that question.

LEARNED, for plaintiff in error.

RORER, for defendant in error.

BY THE COURT, WILSON, JUSTICE.—We think that the writ of certiorari is a common law writ, and that the District Courts of this territory possess a common law jurisdiction, and a supervisory control over all the inferior jurisdictions within the territory. That in the absence of any statute giving such authority, the District Courts, upon proper applications, can direct writs of certiorari to be awarded, to bring before such courts, causes pending before justices of the peace, and that the District Court erred in dismissing the writ, and not examining the record of the magistrate's proceedings.

It is not *absolutely* necessary that the Supreme Court should examine the record of the magistrate's proceedings and give an opinion upon any of the matters set forth in the petition as errors of the magistrate, or say what judgment the District Court should give, whether it should proceed to render such judgment as the magistrate should have rendered, or only affirm the proceedings if found to be regular, and quash them if found to be irregular. It will be the province of the District Court, to determine these matters. There are, however, in the case two points, the immediate decision of which, would it is alleged, settle two important questions of practice. The questions are:

FIRST : Whether under the statute, a justice of the peace has a right to set aside the verdict of a jury, and grant a new trial?

SECONDLY : Whether previous to taking an appeal from the judgment of justices, it is necessary that there should be, in all cases, an application to set the judgment aside, and a refusal to grant the application?

The statute allowing appeals is not very plain, and the doubts, if any exist, have arisen from a want of care in wording the statute. We are

of the opinion that a justice of the peace has no authority to set aside the verdict of a jury, and that those parts of sections 2d and 3d, article 9th of the act prescribing the duties, powers, and regulating the proceedings of justices of the peace, approved Jan. 21, 1839, which refer to applications to set aside judgments, apply merely to judgments by default, and not to judgments rendered upon the verdict of a jury. If the statute should be construed, as authorizing magistrates to award new trials after the finding of a jury, it would lead to endless confusion and litigation; for if a magistrate can under this statute, allow one new trial he can allow an infinite number, and by so doing, might deprive the party desiring to appeal, for years from that privilege.

The third section explains the second. It expressly authorizes an appeal upon condition that the party aggrieved, shall within a limited time enter into recognizance, &c. This section does not require an application to be made to set the judgment aside, except in cases where it has been rendered by default.

The judgment of the District Court, in dismissing the writ of certiorari, is reversed, and the cause is remanded to that tribunal that such proceedings may be had as justice may require.