## MORE vs. WOODRUFF.

So much of the 4th section of chapter 87 of the Revised Statutes as provides that justices of the peace shall have no jurisdiction of any suit against a corporation, is a palpable violation of the constitution.

As justices of the peace have the constitutional jurisdiction to entertain suits against corporations, on demands of $100 or under, that jurisdiction can be exercised, though the legislature neglect to prescribe any process or method by which it can be exercised on suits commenced.

The legislature cannot, by acts either of commission or omission, alter and destroy the separate constitutional jurisdiction of any of the constitutional tribunals.

A justice's court can make its own rules and regulations to carry into effect its original, constitutional jurisdiction; and therefore, when suit is instituted before a justice against a bank, he may adopt a summons as his process, and upon service on the officers of the bank, proceed to render judgment.

After judgment so obtained against a corporation, the creditor is entitled to issue writs of garnishment, as in other cases.

But if, on writ of garnishment issued, the interrogatories filed before the justice allege that the garnishee is indebted to the bank in a sum over $100, this defeats the action against the garnishee.

The indebtedness of the garnishee, being over $100, is beyond the jurisdiction of a justice, and cannot be split up so as to give him jurisdiction.

THIS was an appeal from a justice of the peace, determined in the Pulaski Circuit Court, in December, 1842, before the Hon. JOHN J. CLENDENIN, one of the circuit judges. More sued the Real Estate Bank, in March, 1842, before a justice, on two of its notes, for $50 each. The justice issued an ordinary summons, which was served by reading to the president; and on the return day he rendered judgment by default. More then sued out from the justice a writ of garnishment on the judgment, against Woodruff, and on its return filed interrogatories, alleging that Woonruff owed the Bank ten thousand dollars. Woodruff filed several pleas before the justice: *First*, that he had no jurisdiction of the suit against the Bank. *Second*, that there was no valid service of process on the Bank. *Third* and *Fourth*, that no execution had issued against the Bank, and been returned *nulla bona*, before the garnishment issued. *Fifth*, that the justice had no jurisdiction of the proceeding by garnishment. Judgment against Woodruff for the amount of judgment against the Bank, and costs. In the Circuit Court, demurrer to the pleas, and joinder. Demurrer overruled, and appeal.

More *vs.* Woodruff.

The case was argued here by *Trapnall & Cocke*, for appellant, and *Ashley & Watkins*, contra.

*By the Court*, LACY, J.   The principal questions in this case relate to the constitutional jurisdiction of justices of the peace.   The fourth section of the eighty-seventh chapter of the Revised Statutes declares that no justice shall have cognizance of any action against corporations.   We hold this act to be a palpable violation of the constitution.   That instrument declares that justices of the peace, severally or jointly, shall have exclusive original jurisdiction of all matters of contract, (except in actions of covenant), where the sum in. controversy does not exceed one hundred dollars.   This grant of power is express and general, and applies to corporations as well as to other suitors.   Its terms being general, cannot be limited; and as they are imperative, must be obeyed.   Therefore, where any person has a demand against a corporation, upon a contract not exceeding one hundred dollars, he has an undoubted right to resort to the justice's court for his remedy and redress; and the same right attaches in favor of corporations in like cases.   But it is said that, although the justice has an original special and constitutional jurisdiction in such cases, still, as the legislature has omitted to pass any law on the subject, they cannot exercise that jurisdiction.   This we deny.   It is the constant practice of the Supreme Court of the United States to make its own rules and orders for the exercise of its own original constitutional jurisdiction, and that, too, in a class of cases where Congress has failed to act. This the cases of *Chilsom's Ex'rs vs. The State of Georgia; Thuger vs. The State of South Carolina; The State of New-York vs. The State of Connecticut*, 4 *Dall.* 1; and *The State of Rhode-Island vs. The State of Massachusetts*, 12 *Peters*, clearly prove.   The Supreme Court of the United States being ordained by the constitution, necessarily possesses all the judicial power incidental to the exercise of its original jurisdiction.   The justice's court, under our form of government, is a constitutional tribunal, and clothed with exclusive original jurisdiction for certain purposes.   It is a universal rule of construction, that the grant of a principal power, *ipso facto*, includes all minor, subsidiary powers incidental to the exercise of the main power.   The Legisla-

ture possesses no power, either by acts of commission or omission, to alter or destroy the separate and independent constitutional jurisdiction of our respective courts. The constitution, in ordaining this department of the government, and in defining and specifying their peculiar powers and 'duties, contemplated that the Legislature would pass the necessary laws for their complete organization. Their failure to do so certainly does not render inoperative or void the inherent and indispensable attributes that all these courts possess as matters of constitutional right and legal duty. For if this be true, then the Legislature, by omitting to act, as well as by acting, in an unwarrantable manner, can defeat the main objects and design of the constitution, which is, to establish and administer an impartial system of public justice, for the maintenance and protection of personal rights and private property. If these principles be undeniable, the justice's court was fully competent to make its own rules and regulations to carry into effect its original constitutional jurisdiction; and in the exercise of this discretion, in the present instance, that tribunal has not overstepped the pale of its authority. The corporation was then properly before the justice's court, and he committed no error in entering up judgment against the Bank. After obtaining judgment, the plaintiff's right against the debtors of the corporation were entitled to the same protection by virtue of the statute of garnishment, as in other cases. But to enforce these rights, he is compelled to resort to the proper tribunal. And as the justice's court possesses only a special original constitutional jurisdiction, it necessarily follows that jurisdiction must be made to appear upon the record; for, unless it does so appear, no valid judgment can be pronounced, and advantage may be taken of this defect at any stage in the proceeding; and so it has been held repeatedly by this court. In the present instance, the writ of garnishment, and the suggestions and interrogatories filed in support of it, charge the defendant in error as being indebted to the Bank in a sum of money of ten thousand dollars. This statement defeats the plaintiff's cause of action against the garnishee. It shows that the justice could not constitutionally take cognizance of the action—the amount in controversy being above one hundred dollars, to which his special jurisdiction is limited. The indebtedness, as alleged, is an entirety or single con-

tract incapable of being divided into fractional parts, to give original jurisdiction to the justice's court. To allow such a proceeding would be to subject the defendant to an endless multiplicity of suits, which would be as intolerable as unwarrantable.

The view we have taken of this subject necessarily determines all the garnishee's special pleas to the jurisdiction of the justice's court to be untenable. The demurrer to them was, therefore, properly overruled by the Circuit Court; but as that court erred in not dismissing the appeal for want of jurisdiction, and in giving judgment for costs, its judgment is reversed.