## Woodruff *vs.* Griffith.

Where the amount in controversy is within the jurisdiction of a justice of the peace, he may properly render a judgment against a corporation: and may proceed by garnishment against a person indebted to the corporation, if the amount of that debt is within the justice's jurisdiction. If the debt be greater, then the proceeding by garnishment cannot be maintained.

The legislature has not power to confer upon justices of the peace greater authority than is given them by the constitution.

THIS was a proceeding in prohibition, commenced in this court in August, 1842. The plaintiff in his declaration, shows the proceedings in a certain suit before a justice of the peace, in which Griffith was plaintiff, and the Real Estate Bank of the State of Arkansas, was defendant; from which it appears that said suit was founded on certain matters of contract, and that the sum in controversy was less than $100, that a valid process of summons was issued by the justice, and legally executed upon the bank; that the bank failed to appear and answer said demand, and judgment thereupon was given in favor of said Griffith against her, on the 26th day of March, 1842; that Griffith, on the 28th day of March, 1842, caused a writ of execution to be issued by said justice, against the bank on his said judgment, which appears to have been directed to the proper officer, and to have been returned by him *nulla bona*; and that said Griffith, on the 2d day of April, 1842, sued out a writ of garnishment upon said judgment, which was directed to the proper officer, and after reciting said judgment, and that execution had issued thereupon and been re-

turned, no property found, commanded the present plaintiff, as a supposed debtor or bailee of the said Real Estate Bank, to appear before the said justice at his office on the 12th day of the same month, and then and there to answer what goods, chattels, moneys, credits, and effects, he might have in his hands or possession belonging to said bank, to satisfy said judgment, and to answer such further interrogatories as might be exhibited against him, and caused the same writ to be served on him, on the said 2d day of April, 1842; and that said Griffith persists in the prosecution of his said writ of garnishment, and is striving to obtain judgment thereon against the present plaintiff, and thereby enforce the satisfaction of his said judgment against the bank. The declaration contains in proper form averments negativing the jurisdiction of the justice over the demand against the bank, the validity of the judgment rendered against it by the justice, and his power to issue a writ of garnishment, for the purpose of subjecting the property of, or debts due to, the bank, to the satisfaction of a judgment obtained against the bank. It also commences and concludes appropriately.

To this declaration, there is a demurrer and joinder.

*Ashley & Watkins,* for plaintiff. Justices of the peace, by the constitution, have individually, or two or more of them jointly, jurisdiction in all matters of contract, except covenant, where the sum in controversy is one hundred dollars or under. But this provision is inoperative to give jurisdiction in an action against a corporation, for want of any legislative provision prescribing the means by which, and the manner in which this jurisdiction shall be exercised.

The president of the corporation was summoned in this case, but there is no statutory provision authorizing such service in a suit before a justice of the peace. The chapter concerning corporations, only applies to proceedings in the circuit court, and section 4, chapter 87, provides that a justice of the peace shall have no jurisdiction of any action against a corporation. This clause amounts, at least, to a declaration by the legislature, that they would prescribe no means and indicate no method by which the constitutional jurisdiction could be exercised. The constitutional provision is therefore inoperative. It

needs legislation to carry it into effect. *Groves vs. Slaughter*, 15 *Peters*, 500.

The constitution provides that one justice, or two or more jointly, shall have a certain jurisdiction. The general assembly have by law provided for the exercise of that jurisdiction, by one justice in suits against individuals. They have not so provided for suits against corporations. If the constitutional provision is not inoperative, yet it is clear that, as the legislature have not prescribed what shall be the process, or in what manner, or on whom served, against a corporation, the jurisdiction must be exercised, if at all, by means of the process used at common law.

In England, proceedings against corporations aggregate, were regularly original *summons* and *distringas*, in the same manner as in actions against *peers*, except that the plaintiff could not enter an appearance by the defendant, but had to proceed to compel an appearance by levying issues or successive writs of *distringas*, moving to increase them and from time to time to sell them. *Arch. Pr.* 98.

And the writ against a corporation was an original writ in which the cause of action had to be set forth with the same particularity as in a declaration. *Rowley vs. Chautauque County Bank*, 19 *Wend.* 26.

The constitutional provision is inoperative, because there is no law providing *how*, or on whom the process shall be served. The constable might as well have served the writ on the teller or cashier, as on the president.

A *certiorari* is, beyond doubt, the proper remedy. The bank could not appeal without submitting to the jurisdiction. She is certainly compellable to do that. The proceedings are *coram non judice*, being carried on without any warrant of law, or any service, notice or appearance. *Commissioners vs. Claw*, 15 *J. R.* 537.

Where an inferior court proceeds without jurisdiction, whether of the *subject matter* or the *person*, a writ of certiorari is the proper remedy. *Rex vs. Bass*, 5 *J. R.* 252. *Starr vs. Trustees of Rochester*, 6 *Wend.* 564. *Commissioners vs. Claw*, 15 *J. R.* 537. *Ex parte, Mayor of Albany*, 23 *Wend.* 277.

The governing principle in regard to a certiorari is, that it universally lies, unless it has been taken away by the express words of the

enactment. *Rex vs. Justices,* 3 *D. & R.* 35. *Rex vs. Jukes,* 8 *T. R.* 542. *Rex vs. Plowright,* 3 *Mod.* 95. *S. C.* 2 *Show.* 458. Even where the act declares that the proceedings shall be without appeal. *Rex vs. Commissioners,* 2 *Keb.* 43. *Lawton vs. Commissioners,* 2 *Caines* 279.

It lies to reverse all judicial proceedings in which no writ of error lies. 1 *Ld. Raym.* 467. *Carth.* 75. 1 *Salk.* 352. 6 *Mod.* 177. *Sayer* 156. 2 *Burr.* 777. 2 *W. Bl.* 1060. 2 *B. & P.* 93.

It is the only method of getting the judgment of a new jurisdiction reversed, in cases where the court or judge proceeds in a summary method, or other method different from the common law. *Hardipp vs. Otway,* 2 *Saund.* 101.

*Trapnall & Cocke,* contra.

*By the Court,* RINGO, C. J. The principal question to be decided is this, whether, admitting the truth of the facts pleaded, the justice of the peace has assumed to himself the exercise of judicial power over a matter or thing not subject to his jurisdiction.

According to the principles held and declared by this court, in its opinion delivered at the present term, in the case of *Moore vs. Woodruff,* the judgment rendered by the justice in favor of the present defendant against the Real Estate Bank is unquestionably a valid judgment. And the power of the justice to proceed thereupon, by writ of garnishment, against a person indebted to the bank, cannot, we think, be denied, if the principles there asserted be true; but if it shall at any time be made to appear in the proceedings against the garnishee, that the debt which he owes, and which the plaintiff seeks to recover of him to satisfy his judgment previously recovered against such debtor's creditor, is not within the jurisdiction conferred upon the justice by the constitution, and that he is not indebted to such judgment debtor by any single debt or demand of $100, or under, the justice cannot legally proceed to judgment against the garnishee, but is bound to dismiss the proceeding for want of jurisdiction. The legislature being wholly incompetent to confer upon justices of the peace any other or greater power than is given to them by the con-

stitution, their jurisdiction upon writs of garnishment, as well as every other civil process, must of course be restricted to matters of contract (other than those upon which the action of covenant alone can be maintained at common law,) where the sum in controversy is $100, or under.

According to these principles, the declaration in this case appears to us to be wholly and fatally insufficient in this, that it in no wise appears therefrom, that Woodruff is not by some matter of contract indebted to the bank, in a sum not exceeding one hundred dollars, in which case the writ of garnishment well lies, and may be prosecuted by Griffith to a recovery against him, and when the same shall be collected, it will be in satisfaction of the whole, or, if insufficient to satisfy the whole, then an equal amount of the judgment in favor of Griffith against the bank.

The demurrer to said declaration is therefore well taken and must be sustained.