TRAYLOR *v.* ALLEN.

Opinion delivered June 15, 1895.

JUSTICE OF THE PEACE—JURISDICTION—GARNISHMENT.—A justice of the peace has no jurisdiction of a garnishment where the amount of the garnishee's indebtedness upon any single contract exceeds $300, the limit of his jurisdiction in matters of contract.

Appeal from Pulaski Circuit Court, Second Division.

JOSEPH W. MARTIN, Judge.

*Marshall & Coffman* for appellants.

The want of jurisdiction was not raised by Allen, and is not involved. If it were, the schedule shows a separate debt of $250, which was within the court's jurisdiction. But we think the larger debt was subject to garnishment for the $125 due. 47 Ark. 219; 31 *id.* 652; 46 *id.* 493.

*Dan W. Jones & McCain* for appellee.

The justice had no jurisdiction, and the circuit court acquired none on appeal. 5 Ark. 214, 354. 47 Ark. 219 is not in conflict with the doctrine laid down in 5 Ark., *supra.*

BATTLE, J.   George M. Traylor & Co. recovered a judgment against Claude Allen before a justice of the peace of Drew, and afterward filed a transcript of

the same before a justice of the peace of Pulaski county, and thereupon caused the Arkansas Fire Insurance Company to be summoned to answer "what goods, chattels, moneys, credits or effects it may have in its possession or hands belonging to" Allen to satisfy their judgment. The insurance company answered, and admitted that it was indebted to Allen upon a certain policy of insurance in the sum of one thousand dollars. Upon this answer, Traylor & Co. seek to recover a judgment against the garnishee for the amount of their judgment. The right to do so is disputed on the ground that the justice of the peace had no jurisdiction of the garnishment.

The constitution of this state limits the jurisdiction of justices of the peace in all matters of contract to cases wherein the amount in controversy does not exceed three hundred dollars, exclusive of interest. It has been held by this court that a justice of the peace has no jurisdiction in a proceeding to garnish a debtor of a defendant against whom a judgment has been rendered, if the amount of the indebtedness of the garnishee to the defendant upon any single contract exceeds the limits of his jurisdiction ; and that when this appears in such a proceeding before him, it is his duty to dismiss it. *Moore* v. *Woodruff*, 5 Ark. 214 ; *Woodruff* v. *Griffith*, 5 Ark. 354 ; *Martin* v. *Foreman*, 18 Ark. 249. In this case the limit of the justice's jurisdiction was $300, exclusive of interest, as before stated ; and the indebtedness of the garnishee to the defendant, Allen, was $1,000, without interest. The justice of the peace, consequently, had no jurisdiction of the garnishment, and the circuit court acquired none by appeal.

The case of *Moore* v. *Kelley*, 47 Ark. 219, does not conflict with the cases cited. The difference is pointed out in the last case.

The judgment of the circuit court is reversed, and the garnishment proceeding is dismissed without prejudice.