BLASS *v*. ERBER.

Opinion delivered March 12, 1898.

EXEMPTIONS—TIME OF CLAIMING.—Funds in the hands of a garnishee may be claimed as exempt by the debtor after judgment has been rendered against the garnishee fixing the funds in his hands. (Page 114.)

Appeal from Pulaski Circuit Court.

JOSEPH W. MARTIN, Judge.

*W. T. Tucker*, for appellants.

The affidavit for appeal is defective. Sand. & H. Dig., § 5749. The requisite notice of filing the schedule was not given. Sand. & H. Dig., § 3718. Nor does the schedule state that the claim is for a debt of contract. This is necessary. Sand. & H. Dig., § 3716. A debtor must file his claim to exemptions before judgment against the garnishee, or he is too late. 62 Ala. 397; 52 Pa. St. 423; 37 Iowa, 129; 28 Ark. 485; 33 Ark. 464. The judgment against the garnishee is *res judicata*, and the debtor cannot go behind it to set up his claim of exemptions. 29 Ind. 507; 15 *ib.* 8; 91 *ib.* 385; 33 Ark. 454. So, after judgments of condemnation, it is too late to set up a claim of exemption. Drake on Attach. § 244a; Thompson, Homestead & Exemp. § 826; 13 Neb. 321; 2 Wallace, 237; 14 Iowa, 320. The case is analagous to those of failure to plead the defenses of payment, limitation, etc.; and by such failure these are waived. 33 Ark. 464; 17 *ib.* 465.

*Fulk & Fulk*, for appellee.

Any defect in the form of the affidavit for appeal was cured by the appearance and contest of appellants in circuit

court.   59 Ark. 117; 33 *ib*. 745; 52 *ib*. 318; 61 *ib*. 515.
Failure to serve notice of schedule is waived by appearance and contest of the right to schedule.   46 Ark. 493;
50 Ark. 458; 46 Ark. 497.   No objection was offered below
that the schedule did not show a debt of contract, hence no
objection will be allowed in this court.   55 Ark. 213.   Judgment against the garnishee does not terminate the debtor's right
to file his schedule and claim exemptions.   31 Ark. 652; 38
Ark. 112; 55 Ark. 55; 42 Ark. 410; 55 Ark. 101; 21 So.
995; 39 S. W. 241; Rood, Garnishment, § 86; 36 N. W. 139;
10 Pac. 89, 93.   The debtor may claim his exemption at any
date before sale.   33 Kas. 28; 10 Ala. 226; 52 Ala. 108; 74
Mo. 607; Thompson, Exemptions, § 839.

BUNN, C. J.   This is a controversy over a claim of exemption of a debt involved in a garnishment proceeding, begun
in one of the justice-of-the-peace courts of Pulaski county,
where the claim of exemption was disallowed in part, and, on
appeal to the second division of the circuit court, was there
allowed, from which judgment of allowance the plaintiff in
garnishment took the appeal to this court.   Gus Blass & Co. in
said justice's court recovered judgment against Mrs. Sarah Erber.
Afterwards the plaintiff filed their complaint, and thereon their
allegations and interrogatories against one A. Lofton, as garnishee, alleging that he was owing or had money in his hands
belonging to Sarah Erber, amounting to the sum of one hundred dollars, and interrogatories accordingly were propounded.
The writ of garnishment was issued and served, and made returnable on the 20th of April, 1896.   On the 15th of April,
1896, Lofton, by his attorney, answered that he had funds in
his hands belonging to Sarah Erber, amounting to the sum of
one hundred dollars.   Sarah Erber gave notice that she would
file her schedule and claim of exemptions against this debt on
April 20th, the return day of the garnishment, and on that day
accordingly filed her schedule, claiming the $100 as exempt, and
thereupon supersedeas was issued on that day.   The notice bears
no date, as we can see from the record, but presumably it was
within proper time.   On the same day, April 20th, Mrs. A. Lofton, answering for A. Lofton, the garnishee, stated that he was

8

indebted to the defendant, Sarah Erber, in the sum of $239, and thereupon the court rendered judgment against the garnishee for the sum of $85.80 in favor of the plaintiffs, Gus Blass & Co., which was less than the balance of the $239, after deducting the $100 exemption theretofore allowed the defendant, and a supersedeas was granted for $148 in favor of defendant. On the 6th day of May, 1896, the defendant filed a second schedule, in which she stated and claimed the $239 admitted to be owing her by the garnishee, but the court refused to issue supersedeas on this schedule and claim, and defendant appealed to the circuit court, where her claim was allowed, and plaintiff appealed to this court, as stated.

All questions of notice of filing schedule and claim of exemption were waived by plaintiff's appearance and contesting same. *Brown* v. *Doneghy*, 46 Ark. 497; *Garrett* v. *Wade*, *ib.* 493. The same may be said of the affidavit for appeal. *Elder* v. *Crabtree*, 59 Ark. 177.

The schedule and claim of exemption are in due form, the record showing the judgment was for a debt on contract, and the only question, therefore, left for our consideration is: Was the claim of exemption available, being filed after the rendition of the judgment against the garnishee, and thus fixing the funds of defendant in his hands? This is a mooted question, being determined in some jurisdictions apparently as against the validity of the claim, but in others in favor of it. The latter is the doctrine of the textbooks, and doubtless is supported by the weight of authority. At all events, it is the doctrine of this court, as announced in *Robinson* v. *Swearingen*, 55 Ark. 55, where the court used the following language on the subject: "As to executions, it is established that the claim [of exemption] may be asserted at any time before sale; and we think it apparent that no distinction was intended or made, either in the constitution or statute, between ordinary executions, 'other process,' and attachments not specific, as to the right of the claimant to assert his claim. A judgment sustaining an attachment, and ordering the attached property sold, follows an inquiry quite apart from the defendant's claim of exemption, and is conclusive only as to matters involved in the inquiry. We do not mean that the claim of exemptions may not be set up and determined prior to or along

with the issue upon the attachment, but simply that an ordinary determination of the latter does not include the former. There is nothing in the record by which it appears that the court inquired into or adjudged the defendant's claim of homestead in the order of sale, and we can indulge no presumptions to that effect. There being no adjudication of this right, the defendant was at liberty to assert it in a manner provided by statute at any time before sale, whereupon it becomes the duty of the clerk to issue supersedeas." That was a case of property taken under an order of attachment, and on final hearing ordered sold to pay the debt adjudged against the defendant; but, by strict analogy, the rule in case of property seized under the garnishment proceedings is necessarily the same, as to the time within which the exemption claim may be asserted; the equity of the rule being even stronger in the case of garnishment, where the defendant is not made a party, than in an attachment, where he is a necessary party, and is always made such.

Our attention has been called to the decision in the case of *Randolph* v. *Little*, 62 Ala. 396, in support of the opposite doctrine; but, on careful inspection, it will appear that the dissenting opinion in *Webb* v. *Edwards*, 46 Ala. 17, upon which *Randolph* v. *Little* is expressly based, was to the effect that evidences of indebtedness owing by a garnishee to the defendant in judgment, and other choses in action, were not the subject of exemption under the peculiar statutes of Alabama. The question of time when the claim should be filed was not discussed, and does not appear to have been relied on.

However that may be, the rule we have adopted, and the true rule, is that until the money or the proceeds of the property has been paid actually to the plaintiff, and thus appropriated towards the satisfaction of the judgment, the defendant has a right to assert his claim of exemption; but the money adjudged to be in the hands of or owing by the garnishee, or the proceeds of the property in his hands, when once paid towards the satisfaction of his judgment, cannot be recalled at the instance of the defendant.

Affirmed.