Davis *v.* Choctaw, Oklahoma & Gulf Railroad Company.

Opinion delivered November 19, 1904.

Justice of the peace—jurisdiction—garnishment.—In a garnishment proceeding before a justice of the peace the jurisdiction of the justice does not depend upon the amount due from the garnishee to the principal debtor, but upon the amount claimed to be due from the latter to the plaintiff.

Appeal from Sebastian Circuit Court.

Styles T. Rowe, Judge.

Reversed.

*Jos. M. Spradling* and *E. S. Alexander,* for appellants.

The signature of McClain "as agent," no principal being disclosed, binds him individually.   10 Ark. 428, 446; Bish. Cont. § § 1070, 1077; 1 Pars. Cont. 59 (*57).   McClain was the sole legal owner of the contract.   25 Ark. 20; 1 Ark. 59; 1 Pars. Cont. *55, note x.   Property is bound from service of writ.   39 Ark. 97, 101; 40 Ark. 531, 535.   The burden was on McConnell & Co. to show that their order reached the garnishee before the service of the garnishment.   39 Ark. 97, 102.   The order was no evidence of indebtedness.   14 Ark. 389, 396.   McConnell & Co., having no interest in the fund, could not maintain suit. Sand. & H. Dig. § 5623; 52 Ark. 433; 12 Ark. 125.   There was evidence to support plaintiff's case, and the court erred in directing a verdict for garnishee.   39 Ark. 413; 62 Ark. 63, 69; 39 Ark. 491, 499.   Appellants should have judgment here.   69 Ark. 197-8; 48 Ark. 312, 317.

*E. B. Peirce* and *Thos. T. Busbee,* for appellee.

The justice of the peace had no jurisdiction.   61 Ark. 12. Garnishment was not the appropriate means of relief for appellants.   46 Ark. 537.

*Jos. M. Spradling* and *E. S. Alexander,* for appellants in reply.

The case in 61 Ark. 12 is not in point, and the court had jurisdiction.

BATTLE, J.   On the 12th day of December, 1900, Davis Brothers brought an action before a justice of the peace against J. A. McClain for the sum of $269.85, and at the same time filed allegations and interrogatories, and sued out a writ of garnishment against the Choctaw, Oklahoma & Gulf Railroad Company.   They alleged that the garnishee was indebted to the defendant in the sum of $500 and to McClain & Medlin in the sum of $1,200, and that the garnishee had in its hands or possession goods, chattels, moneys, credits and effects to the amount of $1,700.   The writ of garnishment was duly served on the 12th of December, 1900.   Plaintiff obtained judgment against

the defendant for the sum sued for, and also recovered judgment by default against the garnishee for the same amount. From this judgment the garnishee appealed to the circuit court, and in that court filed an answer to the allegations and interrogatories, denying indebtedness to the defendant, and that it had in its possession any of his goods, chattels, moneys, credits and effects.

The issue joined by the garnishee was tried before a jury. In the trial evidence was adduced tending to prove the following facts: On the 1st of August, 1900, the defendant entered into a written contract with the garnishee, by the terms of which he was to open a coal mine on the garnishee's land at Hartford, in this State, and to mine, haul and deliver coal on garnishee's cars for a stipulated price per ton. Defendant entered into the performance of the contract, mining coal and delivering it to the garnishee, and became indebted to plaintiffs in the sum of $269.85 for moneys, goods and supplies advanced and furnished to aid him in his work. While he was indebted, the name in which he did business was changed to McClain & Medlin, a firm composed of his wife, L. J. McClain, and P. J. Medlin. The new firm, it seems, paid nothing for the business, entered into possession of the mine, took, hauled and delivered coal from it to the garnishee under his contract. During all this time Medlin was ignorant of any contract of his firm with McClain, or of any consideration paid or to be paid him for the mine or the business, and worked under contract without any assignment thereof, and without any agreement or understanding in respect thereto with McClain, who remained the superintendent of the mining, doing the same work an owner would, performing his contracts of August 1, 1900, hiring and paying the men employed. "He was the only person known in the business either by the garnishee, the employees in the mine, the merchants, or the public." After the service of the writ of garnishment in this case he executed the following order, and transfer, antedating the same the 11th day of December, 1900:

"HARTFORD, ARK., December 11, 1900.

"H. E. Yarnell, or to any other person who may be the paymaster for the C., O. & G. R. Co. in the matter of payment for coal shipped in the name of L. J. McClain or in the firm name

of McClain & Medlin, either, from this place for said C., O. & G. R. Co.: You are hereby empowered and requested by us to pay any and all money due us from October 1, 1900, for coal shipped, to J. A. McConnell & Co., or to his order in settlement to him for merchandise furnished by him upon our orders to our men for labor. And you are further empowered and requested to pay to said J. A. McConnell & Co. all money due for all future shipments of coal made by us. This order and agreement is to remain in full force and effect until you have further orders which, by this agreement, is to be signed by all of us separately as is this instrument.

"Given under our hands this December 11, 1900.

(Signed)            "McCLAIN & MEDLIN,

"L. J. McCLAIN,

"P. J. MEDLIN,

"J. A. McCLAIN, as agent."

The amount owing by McClain and McClain & Medlin to J. A. McConnell & Co. at the time the order was given was $800 or $900, which was paid by the garnishee; and it retained in its possession the sum of $300, the amount it owed, in addition to that paid, for coal delivered under its contract with McClain.

After the introduction of evidence was concluded, the court instructed the jury to return a verdict in favor of the garnishee, which they did; and judgment was rendered accordingly, and plaintiffs appealed.

Did the justice of the peace have jurisdiction of the garnishment, the amount owing by the garnishee exceeding $300?

In *Moore* v. *Woodruff,* 5 Ark. 214, *Woodruff* v. *Griffith,* 5 Ark. 354, and *Traylor* v. *Allen,* 61 Ark. 13, this court held that a justice of the peace had no jurisdiction of a proceeding by garnishment where the amount owing by the garnishee to the defendant was alleged by the plaintiff, or found, to be an amount exceeding his jurisdiction. This conclusion was evidently based upon the theory that such proceeding was an action by the plaintiff against the garnishee in which the amount alleged by the former in his allegations, or found, to be owing by the latter to the defendant was the sum in controversy. But this theory is incorrect. A garnishment is correctly defined to be "a proceeding in the nature of an attachment or execution by means

of which credits, property or effects of a debtor in the hands of a third person may be subjected to the payment of the claims of the creditors of such debtor." It is a mode of attachment or execution. *Central Trust Co.* v. *Chattanooga, etc., R. Co.,* 68 Fed. Rep. 685; *Henry* v. *Murphy,* 54 Ala. 246; *McGarry* v. *Lewis Coal Co.,* 93 Mo. 237; Rood on Garnishment, § 1, and cases cited; 14 Encyclopædia of Law (2d Ed.), p. 738, and cases cited.

Judge Drake says: "Garnishment is an effectual attachment of the effects of the defendant in the garnishee's hands, differing in no essential respect from attachments by levy, except that the plaintiff does not acquire a clear and full lien upon the specific property in the garnishee's possession, but only such a lien as gives him the right to hold the garnishee personally liable for it or its value and to restrain the garnishee from paying his debt to the defendant. The defendant's rights in the property in the garnishee's hands are so far extinguished as to prevent the defendant's making any disposition of it which would interfere with its subjection to the payment of the plaintiff's demand, when that should have been legally perfected; but for every purpose of making any demand which may be necessary to fix the garnishee's liability to him, or of securing it by legal proceedings or otherwise, his rights remain unimpaired by the pending garnishment, but of course can be exercised only in subordination to the lien thereby created. From the time of the garnishment, the effects in the garnishee's possession are considered as *in custodia legis,* and the garnishee is bound to keep them in safety." Drake on Attachments (17th Ed.), § 453, and cases cited.

The writ of garnishment, like an attachment or execution, serves to secure and enforce the payment of the judgment the plaintiff has recovered or may recover against the defendant. By the service of it, says this court in *Martin* v. *Foreman,* 18 Ark. 251, "the plaintiffs in the attachment fixed a lien upon the indebtedness of the garnishee to the defendant, and no subsequent arrangement or cancellation of indebtedness between the garnishee and defendant could destroy the lien or affect the rights of the plaintiffs." Under the statutes of this State it may be issued

at the same time an order of attachment is issued and for the same purpose.

*Fly* v. *Grieb's Administrator,* 62 Ark. 209, is analogous to this case. Under the Constitution of this State, justices of the peace have jurisdiction in actions for the recovery of personal property where the value of the property does not exceed the sum of $300. In the case last cited five actions were commenced before a justice of the peace, and orders of attachment in each of them were issued at the same time, and were levied on personal property, the value of which exceeded $900. A claimant of the property filed a complaint with the justice of the peace, and thereby sought to recover the property. The jurisdiction of the justice of the peace in the controversy thereby raised was denied. Upon the question presented the court said: "The jurisdiction of the justice is determined by the amount in controversy between the plaintiff and defendant in the attachment, and not by the value of the property attached. The attachment is only a remedy or process by which the creditor is enabled to subject the property of the defendant, under certain conditions, to the satisfaction of his judgment. Only to that extent has he any claim or right to or in the property. Beyond this he has no controversy, either with the defendant or interpleader. *Hoppe* v. *Byers,* 39 Iowa, 573; *Cushing* v. *Sambola,* 30 La. Ann. 426."

So in this case the plaintiff caused so much of the indebtedness of the garnishee to defendant as is sufficient to pay his demand to be seized under the writ of garnishment. Only to that extent can he claim any interest in the indebtedness. Beyond this sum, which is within the jurisdiction of a justice of the peace, he has no controversy with any one. *Wetherwax* v. *Paine,* 2 Mich. 555; *Pomeroy* v. *Rand,* (Ill.), 41 N. E. 636; Rood on Garnishment, § 235, and cases cited; Brown on Jurisdiction (2d Ed.), § 148, and cases cited.

In *Traylor* v. *Allen,* 61 Ark. 13, the court did not undertake to reopen or reconsider the question we have decided, but followed the cases cited in the opinion in that case without question.

The court erred in withdrawing the case from the jury, and directing them to return a verdict in favor of the garnishee. The evidence was sufficient to entitle the plaintiffs (appellants) to a determination by the jury of the question presented by the

issue joined; that is, whether or not the garnishee was indebted to the defendant, and, if so, in what amount.

Reversed and remanded for a new trial.