## McGowan v. Freeberry.

### Opinion delivered April 15, 1918.

1. GARNISHMENT—JURISDICTION—JUSTICE COURT.—The jurisdiction of a justice of the peace in garnishment proceedings, does not depend upon the amount due from the garnishee to the principal debtor, but depends upon the amount claimed to be due from the latter to the plaintiff. (*Davis* v. *C. O. & G. Ry. Co.*, 73 Ark. 120).

2. GARNISHMENT—JURISDICTION—ALLEGATIONS AND INTERROGATORIES.—Allegations and interrogatories are not necessary prerequisites to the validity of judgments against garnishees.

3. GARNISHMENT—PAYMENT BY GARNISHEE—Money paid by the garnishee, in good faith, to the judgment creditor on his judgment, can not be recalled by the defendant.

Appeal from Crawford Circuit Court; *James Cochran,* Judge; affirmed.

*J. E. London,* for appellant.

1. The court erred in sustaining the plea of payment. The judgment before the justice of the peace was void, beyond his jurisdiction. 5 Ark. 214; 61 *Id.* 13. See also 20 Cyc. 1146-8-9; 9 Ill. 354; 22 Ind. 244; 26 Kan. 599; 109 Mass. 313; 58 Mo. App. 384.

2. The appellee is not protected by the payment of the judgment It was exempt and the payment made by collusion. 20 Cyc. 1149; 34 Ala. 583; 42 N. W. 896.

3. The judgment was void because rendered without the filing of any allegations and interrogatories—a judgment by default. The fund was exempt and appellee had notice and no defense was made. 11 Atl. 440.

*Starbird & Starbird,* for appellee.

1. The judgment was not over the jurisdiction of the justice. Only $167 was involved. Jurisdiction does not depend upon the amount due the garnishee, but upon the amount claimed by plaintiff. 73 Ark. 120; 93 *Id.* 609.

2. There was no collusion. This was not raised nor proven. The judgment is presumed to be correct.

3. The fund was not exempt. The record is silent as to whether a bond and allegations and interrogatories were filed. These matters are not jurisdictional. A valid suit was commenced. 66 Ark. 582; 96 *Id.* 1. When the money was paid it can not be recalled. 65 Ark. 112.

HUMPHREYS, J. This suit was instituted by appellant against appellee in the Crawford Circuit Court to recover $167, alleged to be due as a balance of purchase money for the following described real estate in Crawford County, Arkansas, towit: East half northwest quarter, northeast quarter, west half, northeast quarter northeast quarter, east half, northeast quarter, northeast quarter southeast quarter, northeast quarter, and northeast quarter, southeast quarter; all in section 18, township 12 north, range 31 west.

Appellee pleaded as a defense that he had paid the balance due as purchase money for said lands in response to a writ of garnishment issued against him by D. P.

Cox, a justice of the peace in Crawford County, upon a judgment which W. Tharp had obtained against Robert McGowen as a commission for making the sale of said lands for appellant to appellee and against this appellee as garnishee in that suit.

To this answer a demurrer was filed by appellant. The cause was submitted to the court, sitting as a jury, upon the pleadings and the following agreed statement of facts:

"It is agreed by the plaintiff and the defendant in this case that the following are the facts that will be disclosed by the evidence:

"That the amount sued for is the correct amount of principal and interest, and that this is a part of the purchase money due for the land mentioned in plaintiff's complaint and that after the defendant purchased the land, and when he was due the plaintiff the sum of $360, the plaintiff was sued in the justice court of D. P. Cox by William Tharp and the defendant here was summoned as garnishee, that judgment was rendered against the plaintiff here in favor of Tharp for $150 and costs and against this defendant as garnishee, he answering that he was indebted to this plaintiff in the sum of $360, that the plaintiff here filed his schedule claiming this sum of money exempt, that this schedule was disallowed by the justice and the plaintiff appealed to the circuit court, where his schedule was allowed and the defendant ordered to pay this money to plaintiff by the circuit court; that after plaintiff's schedule was disallowed by the justice, and pending the appeal of plaintiff to the circuit court, the justice issued an execution against the defendant and garnishee, and garnishee paid the amount sued for here to the constable on his judgment against the plaintiff, which he, Tharp, obtained in the justice court of D. P. Cox, this payment being made in obedience to the order of the justice, D. P. Cox, and that the defendant

paid the balance of the $360 to plaintiff. No superse-
deas bond was given by plaintiff, McGowen, on his appeal.

"J. E. London,

"Attorney for Plaintiff.

"Starbird & Starbird,

"Attorneys for Defendant."

A judgment was rendered dismissing the complaint
of appellee, from which an appeal has been prosecuted to
this court.

(1) It is first insisted by appellant that the court
erred in sustaining appellee's plea of payment. The
agreed statement of facts shows that appellee paid the
amount to the constable on an execution issued on a judg-
ment obtained by Wm. Tharp in the justice of the peace
court against appellant, as debtor, and appellee, as gar-
nishee. The appellee answered in that case that he was
indebted to appellant in the sum of $360. Appellant con-
tends that the justice of the peace had no jurisdiction to
render a judgment against the garnishee on the indebted-
ness because the limit of the jurisdiction of a justice of
the peace in matters of contract is $300, and that the pay-
ment of a garnishee under a void judgment can not avail
him as a defense. Appellant cites *Moore* v. *Woodruff,* 5
Ark. 214, and *Traylor* v. *Allen,* 61 Ark. 13, in support of
his contention. These cases were overruled by *Davis* v.
*Choctaw, Oklahoma & Gulf Ry. Co.,* 73 Ark. 120, in which
it was decided that, "In a garnishment proceeding be-
fore a justice of the peace the jurisdiction of the justice
does not depend upon the amount due from the garnishee
to the principal debtor, but upon the amount claimed to
be due from the latter to the plaintiff."

(2) Appellant next contends that appellee is not
protected by payment of the Tharp judgment against him
as garnishee for the reason that no allegations and inter-
rogatories were filed by Tharp. Allegations and inter-
rogatories are not necessary prerequisites to the validity
of judgments against garnishees. It is not necessary that
they be filed in order to invest the court with jurisdiction.

*L. R. T. & E. Co.* v. *Wilson,* 66 Ark. 582; *Tiger* v. *Rogers Cotton Cleaner & Gin Co.,* 96 Ark. 1.

Again it is urged that a garnishee can not avail himself of a payment made by collusion with the plaintiff. This is perhaps a correct abstract proposition of law, but we find no facts in this case justifying the application of the rule. It nowhere appears in the record that appellee connived with William Tharp in appropriating $167, due by appellee to appellant, to the payment of the Tharp judgment. On the contrary, the money was paid in the Tharp judgment by appellee on execution issued against the fund in his hands.

(3) Lastly, it is contended by appellant that the fund was exempt from execution and that appellee paid it on the Tharp judgment under execution and after appellant had filed his schedule claiming it as exempt. The record shows that William Tharp obtained judgment against appellant as debtor and appellee as garnishee and that thereafter appellant filed his schedule claiming said fund as exempt, which schedule was disallowed by the justice of the peace, from which judgment of disallowance an appeal without bond was taken to the circuit court, and that the circuit court upon trial of the issue allowed the exemption. While the appeal was pending in the circuit court, the justice of the peace issued the execution against the fund in appellee's hand, and appellee paid it on the execution in the Tharp judgment. When appellant appealed from the disallowance, he did not supersede the judgment, and hence the garnishee had a right to pay the money in settlement of the execution and judgment against him. This court is committed to the doctrine that money paid by the garnishee to the judgment creditor on his judgment can not be recalled by the defendant. *Blass* v. *Erber,* 65 Ark. 112. Of course, this has reference to a good faith payment, and there is nothing in this record to show that appellee paid the Tharp judgment in bad faith.

No error appearing, the judgment is affirmed.