McDonald *v.* Case.

4-4830

Opinion delivered November 22, 1937.

*Williamson & Williamson,* for appellant.

*Dene H. Coleman,* for appellees.

Baker, J. The judgment was rendered against appellant McDonald upon a promissory note in the sum of $637.55 with interest. After the rendition of the judgment and the issuance of an execution, its return unsatisfied, a garnishment was issued against Citizens Bank & Trust Company of Batesville, Arkansas, in which it was alleged that the defendant, A. B. McDonald, had money upon deposit.

McDonald contested this garnishment, his son intervened, claimed a large part of the funds, but upon final determination of the issues involved, upon answer of the garnishee and other evidence, the circuit court held the funds in the said bank to be the property of the defendant, A. B. McDonald, and subject to the garnishment. The proper order was thereupon made to pay over the said funds. Thereafter, the bank paid or delivered to the attorney for the plaintiff, the appellee here, the amount it had on deposit to the credit of A. B. McDonald, and two days thereafter McDonald filed his schedule or claim of

exemptions, seeking to exempt the said fund and other property. Said schedule was duly allowed and supersedeas issued by the circuit clerk. Upon appeal from the circuit clerk's allowance and issuance of supersedeas, the circuit court quashed the supersedeas and held that the money having been paid over by the garnishee in good faith prior to the time of the filing of the schedule or claim of exemptions, the payment could not be recalled and disallowed the claim of exemptions. It is from this order of the circuit court that this appeal has been taken. The facts in the case are stipulated as follows:

"Stipulation of Facts

"It is hereby agreed and stipulated by and between the plaintiff and the defendant, that this cause, which is an appeal to the Stone circuit court from an order of the circuit clerk of Stone county, allowing the defendant his schedule of exemptions and issuing a supersedeas herein, may be submitted to the Hon. S. M. Bone, judge of the Third Judicial Circuit of Arkansas, in chambers, sitting as the Stone circuit court, and that the said court may render final judgment herein and that said judgment may be entered of record on the circuit court records of Stone county, and have and bear the same force and effect as if entered in term time.

"It is agreed and stipulated that the plaintiff, H. R. Case, had a writ of garnishment issued against the Citizens Bank and Trust Company of Batesville, Arkansas, upon an existing and unpaid judgment which he had obtained against A. B. McDonald *et al.,* in the Stone county circuit court on November 16, 1936. The bank answered that it had $475 on deposit in the name of A. B. McDonald and Son and was holding the same subject to the orders of the court.

"On May 4th, in the Stone circuit court, A. B. McDonald and Warren McDonald filed a motion to quash the writ of garnishment, which was overruled by the court. On the same day said Warren McDonald filed an intervention in this cause claiming that $326.80 of said $475 was his individual property. Proof was taken on the intervention and the court found that the $475 in the

Citizens Bank and Trust Company was the property of A. B. McDonald and was subject to garnishment, and rendered judgment for the plaintiff for the sum of $475 against the bank as garnishee.

"(Copy of said order hereto attached and made a part hereof.)

"The defendant had the court note on the docket the filing and overruling of a motion for new trial and an appeal to the Supreme Court. No motion for new trial was in fact filed at the time. No supersedeas bond has been filed by either A. B. McDonald or Warren McDonald.

"On May 4th, the defendant, A. B. McDonald, notified H. R. Case, the plaintiff, that he would on May 10, 1937, file his schedule of exemptions with the circuit clerk of Stone county. A copy of this notice was received by Dene H. Coleman, attorney for plaintiff, on the night of May 4, 1937.

"On May 8, 1937, Dene H. Coleman, attorney for plaintiff, ascertained that no motion for new trial had in fact been filed and no appeal bond or supersedeas bond filed by the defendant, and said attorney procured a certified copy of the judgment aforementioned and on the afternoon of said May 8, 1937, presented to the Citizens Bank and Trust Company the certified copy of said judgment, and informed said bank that no motion for new trial had been filed and no bond filed, and demanded from the bank the said $475.

"The bank thereupon, in good faith, made payment of the said sum to said attorney for the plaintiff and took from him the following receipt:

" 'May 8, 1937, received of Citizens Bank and Trust Company four hundred seventy-five and no/100 dollars, payment in satisfaction of judgment of Stone circuit court in case of H. R. Case, plaintiff, v. A. B. McDonald, defendant, and Citizens Bank and Trust Company, garnishee.

'H. R. Case

'By Dene H. Coleman, Atty.'

together with a certified copy of said judgment. On the same day Dene H. Coleman deposited said $475 in said

bank in the name of Dene H. Coleman, trustee, in order to not mingle it with his personal account.

"On May 10, 1937, A. B. McDonald filed his schedule of exemptions with the circuit clerk of Stone county, claiming this $475 as part of his constitutional exemptions, and the said clerk allowed said exemptions and issued a supersedeas.

"The plaintiff immediately filed affidavit and bond and took this appeal.

"Statement of Chas. F. Cole, deposit slip of Dene H. Coleman and copy of final judgment of court hereto attached.

"May 21, 1937.

> "Dene H. Coleman
> "Attorney for Plaintiff.
> "Ben B. Williamson,
> "Attorney for Defendant."

It will be observed from the foregoing stipulation of facts that the bank in good faith made payment of the said sum of money to the attorney for the plaintiff and took his receipt therefor. A judgment of the circuit court had been rendered against the garnishee with an order for the payment of the money; that this judgment was in no manner superseded and since the money was paid over in good faith, that is without any collusion or fraud, and placed in the hands or possession of the plaintiff, prior to the time of the filing of the schedule and its allowance, the court rightly determined, we think, that it was then too late for any order of the court to exempt the property from process legally issued and rightfully pursued. To hold otherwise would be tantamount to a decision that after a debtor's money had been subjected to a payment of his debt and used and applied for that purpose, that as to the debt or so much thereof as had been paid, the debtor could sue for and recover such payments after due credit had been given.

This court, in a similar case, has held that money adjudged to be in the hands or owing by the garnishee, or the proceeds or property in hands, when once paid toward the satisfaction of a judgment, cannot be recalled

at the instance of the defendant. *Blass* v. *Erber*, 65 Ark. 112, 44 S. W. 1128, 67 Am. St. Rep. 907.

The rule to the same effect is announced in another case, adding to the decision this comment:

"Of course, this has reference to a good faith payment, and there is nothing in this record to show that appellee paid the Tharp judgment in bad faith." *McGowan* v. *Freeberry*, 133 Ark. 579, 583, 202 S. W. 848.

There are, also, some interesting comments affecting the nature of the liability of the garnishee, when no supersedeas bond had been made and no order made suspending the effect of the judgment. *American National Bank of Fort Smith* v. *Douglas*, 126 Ark. 7, 11, 189 S. W. 161, L. R. A. 1917B, 588.

At any rate, we know of no rule of law whereby the effect of the judgment against the garnishee might be suspended, or should have been, under the circumstances here noted merely to allow the serving of notice and filing of a claim of exemptions. Ample time had accrued for this kind of proceeding after the service of the writ of garnishment. The defendant during that time, however, attempted to make another defense. This remedy he had the liberty to pursue if so advised, but if in so doing he has waived or delayed his other remedies so that they are ineffectual, he alone is at fault.

It appears that the court overruled the claim of exemptions in its entirety. We presume this was done because there was no contention made about certain personal property set forth in the claim of exemptions.

The claim of exemptions should be allowed as to the other property except the $475, and the court's judgment is so modified, and as modified it is affirmed.