PATTERSON, Judge.
First Florida Bank, N.A. (First Florida) appeals a nonfinal order of the trial court requiring it to “immediately replace” funds paid from certain bank accounts pursuant to a final judgment in garnishment. We reverse.
R.D.P. of Naples, Inc., B.P.’s of Naples, Inc., and Podley Enterprises, Inc., hereafter referred to collectively as “Podley,” sued Naples Food Service, Inc., and David J. Hayes (Hayes) and obtained a final judgment in the amount of $77,524.80 on March 13, 1990.
Podley caused a writ of garnishment to be served on First Florida, as garnishee, on March 30, 1990. First Florida served its answer on April 13, 1990, stating that Hayes had or appeared to have an ownership interest in two accounts totaling $6,798.48. On April 24, 1990, the trial court entered a final judgment in garnishment against First Florida in that amount and in favor of Podley.
On May 4, 1990, Hayes served a motion for relief from garnishment, pursuant to Florida Rule of Civil Procedure 1.540, asserting that the judgment in garnishment had been prematurely entered prior to the expiration of his time to respond to the original writ. Hayes did not seek to stay execution of the judgment, and on May 16, 1990, First Florida satisfied the judgment with the funds in which Hayes purportedly held an interest.
On June 8, 1990, Hayes filed a “Motion To Compel,” requesting the trial court to order First Florida to replace the funds in the accounts, together with a notice of hearing on the motion for June 12, 1990. On June 11, 1990, the trial court entered an order setting aside the judgment in garnishment and dissolving the writ. On June 13, 1990, the trial court entered an order granting the motion to compel, which order is the subject of this interlocutory appeal.
Without belaboring the succession of irregularities which transpired in the trial court, we hold that the payment, by a garnishee, of a judgment in garnishment entered against it, which is facially valid and entered by a court of competent jurisdiction, absolves the garnishee from further liability. See Slaughter v. Winston, 347 F.Supp. 1221 (E.D.Va.1972), aff'd, 476 F.2d 972 (4th Cir.1973); Murphy v. Merchants Nat’l Bank, 240 Ala. 688, 200 So. 894 (1941); McDonald v. Case, 194 Ark. 1093, 110 S.W.2d 39 (1937); Upper Blue Bench Irrigation Dist. v. Continental Nat’l Bank & Trust Co., 93 Utah 325, 72 P.2d 1048 (1937).
Reversed.
SCHOONOVER, C.J., and PARKER,' J., concur.