CASE 55—ORDINARY—JANUARY 27.

# Farmers' Bank of Kentucky v. Ewing.

APPEAL FROM SCOTT CIRCUIT COURT.

1. On the back of a note indorsed by appellee to appellant are these printed words: "The indorsers waive presentment, protest, and notice of dishonor." Although not signed by appellee, held to be a part of the contract of indorsement.

A. DUVALL FOR APPELLANT.

The printed words waiving presentment, protest, and notice were on the back of the note when the appellee assigned it to appellants, and, therefore, he must be held to have made the indorsement subject to the limitations contained in the printed matter.

GEO. E. PREWITT for appellee.

'The printed words in regard to presentment, &c., were on the back of the note when appellee assigned it, but were not subscribed or regarded as amounting to anything whatever.

CHIEF JUSTICE PRYOR delivered the opinion of the court.

The appellee, J. R. Ewing, being the holder and payee of a note executed to him by James. H. Jewett and others, negotiable and payable at the Fayette National Bank, indorsed it for value to the Farmers' Bank of Kentucky before its maturity, and when the note became due, the parties failing to pay, the Farmers' Bank instituted the present action against the obligors and the indorser, alleging that the appellee, as indorser, had waived notice of dishonor by his indorsement on the note.    The indorsement is:

"Pay to Farmers' Bank of Kentucky, value received.

"J. R. EWING."

On the back of the note there also appears this printed matter: "The indorsers waive presentment, protest, and notice of dishonor."    This indorsement is not signed by the appellee, and is entirely disconnected from the indorsement to which his signature appears.    The appellee, for answer to the petition, denies that he waived presentment, protest, and notice of dishonor, and claims that he is not liable by reason of the want of protest, notice, &c.    The law and facts having been submitted to the court, a judgment was rendered for the defendant Ewing.

It was admitted on the hearing that when the note was presented by the indorser Ewing and discounted by the bank, it had upon the back thereof the printed words as they now appear, and also his written assignment thereon; and the only question in the case is, did the printed matter form any part of the contract between the indorser and the bank?

If the words relied on as a waiver of the rights of the in-dorser had been written by the latter at the time it was dis-counted by the bank, there can be no doubt but that it must be regarded as constituting a part of the contract, and if so, we see no reason why the printed matter, if on the paper *at the time* he indorsed and discounted it to the bank, should not have the same effect. The only evidence is, that this printed matter was there when the paper was delivered, and. if so, the bank had the right to regard it as a part of the contract of indorsement. It relates directly to the liability of the indorser, and if found on the back of the paper, must be considered as much a part of his obligation as if inserted on the face of the paper assigned. The note is made pay-able to the appellee, who has indorsed it to the bank, with the statement upon it that the *indorsers waive notice of pre-sentment, protest, and notice.*

It must be presumed that the parties knew of the memo-randum when the contract of indorsement was executed; and when on the paper at the time of the indorsement it cannot be disregarded because of the ignorance of the ap-pellee as to its legal effect. Daniel on Negotiable Instru-ments says:

"It seems that the purport of the instrument is not only to be collected from the four corners, but from the eight corners; a memorandum on the back affecting its operation being regarded the same as if written on its face."

While this may be stating the rule too broadly, it must nevertheless be presumed that the parties regarded the printed matter as part of the contract, so far as it affects. the indorser, and as a waiver of the latter's right to notice. That which is written on the back of the note, as well as.

that written on the face, if relating to the contract, becomes. a part of it and a construction given the whole instrument in order to determine the liability.    (Daniel on Negotiable In-struments, pages 121–22.). This of course has reference to what appears on the note at the time of its execution and. delivery, and not to subsequent alterations or memorandums. placed upon it.    The payee in this case, who is also the in-dorser, has restricted his rights by releasing the holder from the necessity of giving any notice as to the non-payment or dishonor of the paper.    Any words written on an instrument, which qualify and restrain its operation, constitute a part of the contract.    (13 Pickering, 168.)    The word *facilities* writ-ten on the margin of a note was held to constitute a part of the note.    (14 Mass., 722.)

The words *foreign bills* written underneath the note were held to constitute a part of it.    (Jones v. Fales, 4 Mass., 245.)    The rule is, that the construction is to be upon the whole instrument, as well that which is written on the back of the note as that upon its face.    (Barnard *et al.* v. Cushing and others, 4 Metcalf, 233, Mass.)    In the case of Williams v. Handley (3 Bibb) this court said: "That all the authori-ties agree that when any matter is underwritten or indorsed on the deed at the time it is executed, it becomes a compo-nent part of the deed and may be so treated in pleading." There is no issue really presented by the appellee in this. case.    It is conceded that the indorsement and memorandum in regard to the waiver of notice, &c., was on the paper when delivered to, and discounted by, the bank.    The ap-pellee was both indorser and payee, and while he may not have regarded the printed matter as forming any part of the contract of indorsement, parol evidence is inadmissible to.

show that fact with a view of changing the legal effect of the indorsement so as to prejudice the rights of the bank.

Judgment reversed, and cause remanded for further pro-·ceedings consistent with this opinion.