ARTHUR BERENSON *vs.* LONDON AND LANCASHIRE FIRE INSURANCE COMPANY OF LIVERPOOL, ENGLAND, & another.

Suffolk. November 13, 1908. — February 26, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Practice, Civil,* Report.   *Bills and Notes,* Construction, Validity.   *Contract.*

A judge of the Superior Court by a report made under R. L. c. 173, § 105, cannot bring before this court for determination as to their correctness rulings made by another judge of the Superior Court at a previous stage of the case.

An instrument signed " G., Special Agent," directed to the L. Insurance Company and containing blanks for the signature of a " manager " and the countersignature of a " cashier," read as follows : " Draft . . . to be paid on acct of the L. Insurance Co. . . . Upon acceptance the C. Trust Co. will pay to the order of Y. $360 which payment evidenced by proper endorsement hereof constitutes full satisfaction of all claims and demands for loss and damage by [a certain] fire . . . to property described in [a certain] policy . . . and said policy is hereby cancelled and surrendered to the Company." *Held,* that, until acceptance by the insurance company, there was no negotiable instrument and no chose in action which the payee effectually could transfer to another either by indorsement or assignment.

CONTRACT upon the instrument, a copy of which is set out in the opinion, the declaration alleging in its first four counts that the plaintiff was indorsee and holder in due course thereof, and in its fifth and sixth counts, added by amendment after demurrers to the first four counts had been sustained by *Fox,* J., that one Yaffee had assigned the instrument to the plaintiff for a valuable consideration.   Writ in the Municipal Court of the City of Boston dated May 11, 1907.

Other allegations of the fifth and sixth counts were that " one Solomon Yaffee was the holder of a fire insurance policy issued to him by the London and Lancashire Fire Insurance Company covering the stock of goods in his place of business at Lynn ;

that on the twenty-fifth day of December 1906 a fire occurred at said place of business destroying the stock of goods contained in said place and covered by said policy of insurance, and that subsequently the defendant the London and Lancashire Fire Insurance Company agreed that the damages due the said Yaffee under said policy arising from said loss to be $360.43; that the said London and Lancashire Fire Insurance Company agreed to pay the said Yaffee said sum of money and issued to him an instrument, a copy of which . . . [appears in the opinion] . . . by the terms of which the said London and Lancashire Fire Insurance Company agreed to pay the said Yaffee said sum of $360.43; that the said Yaffee thereby became entitled to receive the amount set forth in said instrument; that said instrument was a chose in action against the defendant the London and Lancashire Fire Insurance Company which he had a right to assign; that the said Yaffee for a valuable consideration paid to him by the plaintiff and upon receipt thereof by him, assigned said instrument or chose in action to the plaintiff, and that the plaintiff is the holder thereof for a valuable consideration; that the plaintiff has demanded payment of the London and Lancashire Fire Insurance Company according to the terms set forth in said instrument; that the defendant owes the plaintiff the amount thereof with interest."

Demurrers to the fifth and sixth counts were heard before *Richardson*, J., and were sustained by him; and the case was reported to this court, it being agreed that if the demurrers were sustained rightly, judgment was to be entered for the defendants, but if they were sustained wrongly as to either defendant on any of the six counts, judgment was to be entered for the plaintiff for the full amount claimed.

The case was submitted on briefs.

*A. Berenson, B. Berenson & H. E. Wales*, for the plaintiff.

*F. M. Forbush & H. Bennett*, for the defendants.

RUGG, J. The order sustaining the demurrers to the first four counts of the declarations, having been made by a judge of the Superior Court other than the one who reported the case, without exception or appeal, is not before us. *Brooks* v. *Shaw*, 197 Mass. 376. We treat counts five and six of the amended declaration as raising the question whether the following is a

completed contract either as a negotiable instrument or as a chose in action :

"Draft No. 14849 H. O.   No Accepted   190 to be paid on
    acct of the London & Lancashire Fire Insurance Co. of
    Liverpool, England.
  "——— Manager.
    " Countersigned ——— Cashier.
$360.43   Claim No.         ‑
                                        Boston, March 4th, 1907.
  " Upon acceptance the
                Connecticut Trust and Safe Deposit Co.
will pay to the Order of Solomon Yaffee
Three hundred and sixty . . . 43 Dollars which payment evi-
denced by proper endorsement hereof constitutes full satisfac-
tion of all claims and demands for loss and damage by fire on
December 25th 1906 to property described in policy No. 6442019
issued at the Lynn Agency and said Policy is hereby cancelled
and surrendered to the Company.
  " To the
    London & Lancashire Fire Insurance Co. of Liverpool,
      England              ‑
  " Agency Department, Hartford, Conn.
                                " Joseph F. Givernaud,
                                        Special Agent."

R. L. c. 73, § 18, cl. 2, provides *inter alia* that a negotiable instrument " must contain an unconditional promise or order, to pay a certain sum in money." It is a fundamental rule in the interpretation of written instruments that all words used in it must be given effect if reasonably possible, and they are to be given their ordinary and natural meaning, unless there is some necessity apparent for a different construction. *Cotting* v. *Boston, ante,* 97. This applies as well to negotiable instruments as to deeds, wills or non-negotiable contracts.

If the words " upon acceptance " in the eighth line of the instrument as above printed could be eliminated, it would plainly be a foreign bill of exchange drawn by Givernaud, either individually or as agent, for and in behalf of the defendant insurance company upon the latter at its Hartford agency, payable at the

Connecticut Trust and Safe Deposit Company. *Carpenter* v. *Farnsworth*, 106 Mass. 561. *Chipman* v. *Foster*, 119 Mass. 189. But these words are in the instrument, and must be given a reasonably intelligible effect if possible. All the language employed may be examined for the purpose of ascertaining the meaning attributed by the parties to those in dispute. The paper was made with the intent that, when paid, it should operate as a settlement of claims for damage arising from a fire to property described in a policy of the defendant insurance company and as a cancellation of the policy. The signature is by one who describes himself as "special agent." Reading this language in conjunction with the words "upon acceptance" seems to make the transaction plain. A fire had injured property insured by the defendant insurance company. The loss, for which it was responsible under the terms of its policy, had been tentatively · adjusted between the insured and a special agent of the insurance company, whose authority to make payment or sign an instrument fixing its liability was limited to the extent of requiring approval or ratification by the Hartford agency of the defendant insurance company. Therefore, the agent of limited authority drew the paper in suit directed to the agency, whose approval was required to give life to his adjustment, stating the amount of loss agreed upon, but making the vitality of the instrument dependent upon the act of approval or acceptance by that agency. Amplification of the words "upon acceptance" expressive of the same meaning would be "upon acceptance of this contract by the agency department at Hartford, Connecticut, of the London and Lancashire Fire Insurance Company of Liverpool, England, and not before." But the significance of all this is compressed into the words "upon acceptance" in view of the other language of the instrument. It is in effect a check drawn upon the account of the defendant insurance company in the Connecticut Trust and Safe Deposit Company which is not to be valid until countersigned by the proper officers of the defendant company at its Hartford agency.

The defendant Givernaud is not liable. If the words "upon acceptance" had been omitted he would then have made the ordinary contract of the drawer, namely, absolutely to pay the face of the bill if not accepted by the drawee or if accepted and not

paid by him.    But by inserting these words he made his whole liability contingent upon there being an acceptance.

Although no case exactly like this is to be found in our reports, it is within the familiar principle that contracts to be performed only upon condition are not negotiable instruments. *Grant* v. *Wood,* 12 Gray, 220.    *Costelo* v. *Crowell,* 127 Mass. 293, and cases cited.    The instrument, not having been accepted or approved by the Hartford agency of the defendant insurance company, never became a complete and operative contract. It was not a negotiable instrument, as above pointed out.    Nor was it a chose in action upon which recovery could be had without acceptance by the defendant insurance company.    Hence there was nothing to assign.    Indeed the plaintiff does not seriously argue that it was a completed chose in action.

The demurrers were rightly sustained, and in accordance with the terms of the report the entry must be

*Judgment for the defendants.*