STUHLDREHER v. DANNEMILLER et.

Ohio Appeals, 9th Dist., Summit Co.
No. 1230. Decided May 24, 1927.

147. BILLS AND NOTES—Waiver—A waiver of demand of payment and notice of non-payment printed on the back of a note and across one end thereof at the time of its original execution and delivery, and not referred to on the face of the note, is not embodied in the instrument and does not bind an indorser who makes a special indorsement on the other end of said note, where the printed waiver appears under the signature of said indorser and in a reverse position thereto.

First Publication of this Opinion

WASHBURN, J.

This was an action in the Summit Common Pleas against A. F. Stuhldreher, an indorser on a promissory note, who while the payee of the note, was in fact an accommodation indorser. Presentment and notice of dishonor was not duly made. If notice of dishonor was not waived, the judgment rendered in the lower court against Stuhldreher is erroneous.

The waiver claimed was an express waiver which was printed on the back across one end of the note stating, "waiving demand of payment and notice of non-payment." The indorser did not sign under said printing, however, but signed at the other end of the back of the note, his signature being "upside down" with regards to the printed waiver clause at the other end. There was no waiver or reference to a waiver on the face of the note.

Defendant in error claims that the waiver on the back of the note is part of the contract and is in legal effect, embodied in the instrument the same as if it appeared on the face of the note before the signature of the maker. From prosecution of error, to the judgment below, the Court of Appeals held:—

1. It is conceded that a waiver printed in the body of a note above the signature of the maker and purporting to bind indorsers, is effectual for that purpose.

2. The general rule was that if a waiver

was placed on the back by an indorser after the note was signed and delivered, it bound him and all subsequent indorsers, some cases holding that it bound only the indorser who placed it thereon.

3. By the uniform negotiable instrument law, the rule with reference to these matters, being 8215 GC. in this state, provides that "when the waiver is embodied in the instrument itself, it is binding upon all parties; but when it is written above the signature of an indorsers, it binds him only."

4. It seems to us that "embodied in the instrument" means "embodied in the original contract"; and that the detached words on the back of the instrument at the time it was issued are not embodied in the contract on the face of the instrument.

5. Under 8215 GC. waivers which appear on the face are the only ones which can be considered as embodied in the instrument; and waivers on the back, placed thereon before the instrument was issued and not referred to on the face of the instrument should no longer be given the same effect as waivers on the face of the instrument, but should be considered in the class referred to in the second clause of 2815 GC.

Judgment reversed and final judgment for plaintiff in error.

Funk & Pardee, JJ, concur.

Attorneys—Willis Bacon and W. D. Pence for Stuhldreher; C. G. Roetzel for Dannemiller et.; all of Akron.