KRENERICK *v.* HORTON.

1. BILLS AND NOTES—PRESENTMENT—INDORSER—WAIVER.
    Presentment for payment is necessary to hold indorser, unless waived (2 Comp. Laws 1929, §§ 9319, 9331).

2. SAME—NOTICE OF PRESENTMENT AND DISHONOR—WAIVER.
    Where, at time payees signed indorsement on back of promissory note, there was no previous indorsement, and printed waiver of protest, demand, and notice of nonpayment printed on back was not stricken out by them, but they merely added thereto instructions as to payment above their indorsement, they waived notice of presentment and dishonor.

Error to Jackson; Williams (Benjamin), J. Submitted March 17, 1931. (Docket No. 169, Calendar No. 35,320.) Decided April 7, 1931.

---

As to necessity of presentment, demand and notice to hold indorser of note liable, see annotation in 46 L. R. A. 804.

Assumpsit by William Krenerick against Edgar C. Horton and others on a promissory note. Judgment for plaintiff against all defendants. Defendants Addison bring error. Affirmed.

*Harry E. Barnard,* for plaintiff.

*Burney E. Brower,* for defendants Addison.

POTTER, J.   Assumpsit on a promissory note dated February 6, 1926, due October 1, 1927, made by defendant Horton to William Addison & Son or order, for $1,000 with interest at 6 per cent. per annum.   On the back of this note was printed:

"For value received, I hereby guarantee the payment of the within note, and waive protest, demand and notice of nonpayment thereof."

Beneath this printed matter was written:

"Pay to Fred Main of Albion, Mich.
"William Addison & Son,
"Dr. F. W. Main."

From a judgment for plaintiff against all defendants, William Addison & Son bring error.   The question is whether appellants are liable under the facts.  *Mooers* v. *Stalker,* 194 Iowa, 1354 (191 N. W. 175), holds the negotiable instruments law was obviously intended to change the previous rule that a waiver written or printed on the back of a note at the time of its execution had the same force and effect as though embodied in the instrument.   Presentment for payment is necessary to hold an indorser, 2 Comp. Laws 1929, § 9319; unless waived, 2 Comp. Laws 1929, § 9331.   No notice of dishonor was given to appellants.   The question is whether

appellants waived presentment and notice of dishonor.

In *Mooers* v. *Stalker, supra,* it is said:

"An indorser who waives notice waives for himself alone, and a subsequent indorser does not, by the mere fact of indorsement, accept or become bound by a waiver of a previous indorser. Under the statute, he is not now required to cancel or reject such waiver or to add to his indorsement words repudiating the waiver of a prior indorser."

In this case there were no indorsers prior to appellants. The printed waiver quoted above was on the back of the note. It was not erased. The writing was added thereto and signed.

"Where language constituting a waiver is printed on the back of a note or placed thereon by an indorser, it has been held that those who merely append their naked signature beneath such waiver must be assumed to have adopted the same and will be bound thereby, although such waiver is not apparently connected with his indorsement." 8 C. J. p. 702.

In *Farmers Bank of Kentucky* v. *Ewing,* 78 Ky. 264 (39 Am. Rep. 231), it is said:

"It must be presumed that the parties knew of the memorandum when the contract of indorsement was executed; and when on the paper at the time of the indorsement it cannot be disregarded because of the ignorance of the appellee as to its legal effect."

At the time appellants signed the indorsement on the back of the note in question, there was no previous indorsement. They did not strike out the printed waiver on the back of the note, but added thereto the written language above indicated before signing.

Under the circumstances, this language must be construed together with the printed waiver, and, so construed, indicates appellants waived notice of presentment and dishonor. Judgment affirmed, with costs.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, SHARPE, NORTH, and FEAD, JJ., concurred.