FIRST NATIONAL BANK OF HUTTIG *v.* RHODE ISLAND INSURANCE COMPANY.

Opinion delivered November 30, 1931.

814

*Gaughan, Sifford, Godwin & Gaughan,* for appellant.

*Verne McMillen,* for Rhode Island Ins. Co., and *Marsh, McKay & Marlin,* for J. V. Spencer, appellees.

HART, C. J., (after stating the facts). The court erred in holding that the First National Bank of Huttig was not entitled to the proceeds of the insurance draft for two reasons:

In the first place, under our Negotiable Instruments Act, § 7896 of Crawford & Moses' Digest, where, in a bill of exchange, the drawer and the drawee are the same person, the holder may treat the instrument at his elec-

tion either as a bill of exchange or as a promissory note. This was the law prior to the passage of the act in question. A bill of exchange drawn by the maker upon himself is in legal effect a promissory note and cannot be countermanded. Where a bill of exchange is drawn by a corporation upon itself, the instrument may be treated as an accepted bill or as a promissory note, at the election of the holder. 8 C. J., ¶ 23, pp. 42-43; 3 R. C. L., ¶ 62, p. 878; 1 Daniel on Negotiable Instruments (6th ed.), §§ 128 and 426; *Hasey* v. *White Pigeon Beet Sugar Co.,* 1 Doug. (Mich.) 193; *Cunningham* v. *Wardwell,* 3 Fair. (Me.) 466; *Marion and Mississinewa Rd. Co.* v. *Hodge,* 9 Ind. Rep. 163; *Drinkall* v. *Movius State Bank,* 11 N. Dak. 10, 88 N. W. 724; *Pavenstert* v. *New York Life Ins. Co.,* 203 N. Y. 91, 96 N. E. 104, Ann. Cas. 1913A, page 805; and *Bailey* v. *Triplett Bros.,* (Tex. Civ. App.) 286 S. W. 914.

In the present case, the instrument which is the basis of the suit was in form a bill of exchange. It was drawn by the corporation, Rhode Island Insurance Company, under the signature of its president upon itself. In other words, it was a bill of exchange drawn by the corporation through its proper officer upon itself, and was not therefore subject to countermand.

It is claimed, however, that it was conditional because of the words "upon acceptance" in it. Under our statute, and under the principles of law above announced, these words had no legal effect on the instrument. They were in the instrument when it was signed by the president of the corporation, and the very act of drawing the bill is deemed an acceptance of it, and the holder may treat it as an accepted bill of exchange or as a promissory note.

It is also suggested by counsel for the insurance company that this case is ruled by the principles of law announced in *Berenson* v. *London & Lancashire Fire Ins. Co.,* 201 Mass. 172, 87 N. E. 687. We do not think so, but, on the other hand, think the conclusion we have reached is supported by the reasoning in that case. In that case

the draft was drawn upon the Hartford agency of an English insurance company, and the signature to it was by one who described himself as "special agent." Reading this language in connection with the words "upon acceptance" makes it plain that the transaction was limited to the extent of requiring approval or ratification by the Hartford agency of the insurance company. This was because an agent of limited authority drew the bill, and the Hartford agency was required to give life to it by its approval of the adjustment of the loss. Hence the court held that, since the draft had not been accepted by the Hartford agency of the insurance company, it never became a complete contract and was not a negotiable instrument.

Here the draft was signed by the president of the company, who had authority to sign it; and the contract became binding and complete when he did sign it, because he had authority to make the contract, and no approval or ratification of his act was necessary.

In the next place, there was no legal garnishment against the insurance company at the time it turned over the draft to its agent to be delivered to A. L. Barber, which was done on the 28th day of August, 1930. The record shows that J. V. Spencer filed the complaint in this action on the 25th day of August, 1930, and that the writ of garnishment was issued on that day, and that the writ was served on the insurance company on the 27th day of August, 1930. No summons was issued upon the complaint until the 30th day of August, 1930, which was after the date of the issuance of the garnishment. Garnishment is a proceeding whereby the plaintiff seeks to subject to his claim property in the hands of a third person or money owed by such person to the defendant. *Davis* v. *Choctaw, Oklahoma & Gulf Rd. Co.*, 73 Ark. 120, 83 S. W. 318, 3 Ann. Cas. 658. The stage of proceedings at which garnishment may issue is purely statutory, and judicial garnishment at law is a creature of the statute which authorizes it. This principle is elemental, and no citation of authorities is necessary to support it.

Under § 4906 of Crawford & Moses' Digest, it is provided that, in all cases where any plaintiff may begin an action in any court of record and such plaintiff shall have reason to believe that any other person is indebted to the defendant, he may have a writ of garnishment issued by complying with the statutory procedure in doing so. Thus it will be seen that the plaintiff had no right to have a writ of garnishment issued until after the commencement of the action.

In this State an action is commenced when the complaint is filed in the office of the clerk of the court, and a summons is issued thereon. Crawford & Moses' Digest, § 1049; *Barker* v. *Cunningham,* 104 Ark. 627. Under our garnishment statute, it is essential to the writ of garnishment that, at the time the writ is issued, the plaintiff has begun his action. Under our statute, and the decision of this court construing it, above cited, the action was not commenced until the complaint was filed and the summons was issued. It is true that the plaintiff, J. V. Spencer, testified that he did not know why the clerk did not issue summons until after the writ of garnishment had been issued, but it is not shown that he asked that a summons be issued at the time he filed his complaint, and that the clerk neglected or refused to do so. Our garnishment statute plainly means that the writ may be issued where the plaintiff has begun his action, or at any time thereafter; but, as we have just seen, the action was not commenced until the complaint was filed and the summons issued upon it. Hence, at the time the instrument, which is the basis of this lawsuit, was turned over by the agent of the insurance company to A. L. Barber, as the agent of the payees in the instrument, no legal garnishment had been issued against the insurance company. Therefore, J. V. Spencer was not entitled to the proceeds of the insurance. On the other hand, A. L. Barber and D. R. Spencer, two of the payees in the draft, had indorsed it to the bank, which was also a payee, and as such became entitled to the proceeds of it. Therefore the court erred in rendering judgment

in favor of J. V. Spencer against the Rhode Island Insurance Company, and in holding that the First National Bank of Huttig was not entitled to the proceeds of the instrument which is the basis of this action.

Both the bank and the insurance company have appealed to this court. The bank has appealed from the judgment against it, and the insurance company has appealed from the judgment against it in favor of J. V. Spencer. Therefore the judgment will be reversed, and the cause will be remanded with directions to render judgment in favor of the bank for $439.03 against the insurance company and to dismiss the garnishment proceeding of Spencer against said insurance company, and for such further proceedings, according to law, as may be necessary and which are not inconsistent with this opinion. It is so ordered.