PEOPLES NATIONAL BANK OF YPSILANTI *v.* DICKS.

1. BILLS AND NOTES—NEGOTIABLE INSTRUMENTS—AMBIGUOUS SIGNATURE—INDORSER.
     Under negotiable instruments law (2 Comp. Laws 1929, § 9266, subd. 6), where signature is so placed upon instrument that it is not clear in what capacity person making same intended to sign, he is to be deemed indorser.

2. SAME—WHEN SIGNER INDORSER—INTENT.
     Person placing his signature on instrument otherwise than as maker, drawer, or acceptor is deemed to be indorser, unless he clearly indicates by appropriate words his intention to be bound in some other capacity (2 Comp. Laws 1929, § 9312).

3. SAME—LANGUAGE SHOULD BE CLEAR.
     Language of negotiable instruments should be clear.

4. SAME—TECHNICAL CONSTRUCTION NOT FAVORED.
   Technical construction of negotiable instruments law should not be favored.

5. SAME—FORCED CONSTRUCTION AVOIDED.
   .Forced and unnatural construction of negotiable instrument should be avoided.

6. SAME—SHOULD NOT BE INSTRUMENTS OF FRAUD.
   Negotiable instruments should not be adapted, by construction, to trap the unwary, nor should they be readily adaptable instruments of fraud.

7. SAME—SHOULD NOT BE CONSTRUED TO BIND ONE NOT INTENDING TO BE BOUND.
   Negotiable instruments should not, by construction, be held to bind one who did not intend to be bound, and who relies upon fact that he is not bound.

8. SAME—PRESENTMENT—NOTICE OF DISHONOR—INDORSER.
   Where promissory note was signed on face by defendant and another, and word ''indorsed'' was placed directly opposite defendant's signature, and there was above said signatures no guaranty of payment, no waiver of demand or notice of nonpayment or protest, and no waiver of extension, defendant was indorser, and was therefore not bound, in absence of presentment for payment to maker, notice of dishonor, or protest.

Appeal from Wayne; Smith (Guy E.), J., presiding. Submitted April 26, 1932. (Docket No. 42, Calendar No. 36,328.) Decided June 6, 1932.

Assumpsit by Peoples National Bank of Ypsilanti and others against Edward Dicks on a promissory note. Judgment for plaintiffs. Defendant appeals. Reversed, and judgment directed for defendant.

*Leo W. Kuhn,* for plaintiffs.

*Charles L. Goldstein,* for defendant.

POTTER, J. The Peoples National Bank of Ypsilanti sued Harry Ives and Edward Dicks on a prom-

issory note. Subsequently, for reasons not here important, C. E. Deake and others were substituted as plaintiffs in place of the Peoples National Bank, and the cause was discontinued for want of service as to defendant Ives. There was judgment for plaintiffs and defendant appeals.

The note sued upon was presented to the court. It was signed on the face by Ives and Dicks. Opposite the signatures and directly opposite Dicks' name was the word ''indorsed'' stamped thereon. There was above the signatures of the parties no guaranty of payment, no waiver of demand or notice of nonpayment or protest, and no waiver of extension. Such waiver was on the face of another part of the note. The question is the liability of Dicks.

It is conceded that there was no presentment of the note for payment to Ives, no demand of payment made of him, no dishonor by Ives, no notice of dishonor to Dicks, no protest of the note. If Dicks is a joint maker of the note he is liable. If Dicks guaranteed the payment of the note he is liable. If Dicks is an indorser and is bound by the printed waiver on the note he is liable. If he is a mere indorser, not bound by the waiver printed on the note or by the guaranty he is not liable. Section 19 of the negotiable instruments law, 2 Comp. Laws 1929, § 9266, relates to the construction of ambiguous instruments, and provides:

''Where a signature is so placed upon the instrument that it is not clear in what capacity the person making the same intended to sign, he is to be deemed an indorser.''

2 Comp. Laws 1929, § 9312, provides:

''A person placing his signature upon an instrument, otherwise than as maker, drawer or acceptor

is deemed to be an indorser, unless he clearly indicates by appropriate words his intention to be bound in some other capacity."

2 Comp. Laws 1929, § 9358, provides:

"Notice of dishonor may be waived, either before the time of giving notice has arrived, or after the omission to give due notice, and the waiver may be express or implied."

No question of implied waiver is here involved. The language of negotiable instruments should be clear. Technical construction of the negotiable instruments law should not be favored. Forced and unnatural construction of a negotiable instrument should be avoided.

Negotiable instruments should not be adapted, by construction, to trap the unwary. They should not be held to bind one who did not intend to be bound, and who relies upon the fact he is not bound. They should not be readily adaptable instruments of fraud. *Whitney* v. *Chadsey,* 216 Mich. 604, holds that 2 Comp. Laws 1929, § 9312, was incorporated in the negotiable instruments law to clear up the question whether an indorser before delivery was a joint maker or not. *Krenerick* v. *Horton,* 254 Mich. 12, says:

"*Mooers* v. *Stalker,* 194 Iowa, 1354 (191 N. W. 175), holds the negotiable instruments law was obviously intended to change the previous rule that a waiver written or printed on the back of a note at the time of its execution had the same force and effect as though embodied in the instrument."

In *Mooers* v. *Stalker, supra,* it is said:

"The negotiable instruments law evidently was intended to change the rule that had been recognized before its adoption, with respect to provisions not

embodied in the instrument. It makes a distinction between a waiver embodied in the instrument itself and a waiver upon the back thereof, above the signature of an indorser. It was obviously intended by this statute to get away from the rule that had previously been recognized, that a waiver written or printed upon the back of a note at the time of its execution had the same force and effect as though embodied in the instrument. It is therefore apparent, under the statute as it now stands, that an indorser is bound by a waiver that is embodied in the body of the instrument. It is also obvious that he is not bound in all events by a waiver that is not so embodied in the body of the instrument, but placed on the back thereof."

The construction of the negotiable instruments law adopted in *Mooers* v. *Stalker, supra,* was amplified and approved in *Stuhldreher* v. *Dannemiller,* 26 Ohio App. 388 (158 N. E. 556), where it is said:

"And before the adoption of the uniform negotiable instruments law it was quite generally, though not universally, held that where the waiver was on the back of the instrument and was placed there before the note was signed and delivered, it should be given the same effect as if it appeared on the face of the note, and be held to bind all indorsers.

"Likewise, the general rule was that if the waiver was placed on the back by an indorser, after the note was signed and delivered, it bound him and all subsequent indorsers; but some cases held that it bound only the indorser who placed it thereon.

"By the uniform negotiable instruments law, it was attempted to adopt a definite, universal rule in reference to these matters, which in this State is section 8215, General Code, as follows:

" 'When the waiver is embodied in the instrument itself it is binding upon all parties; but when it is written above the signature of an indorser, it binds him only.'

"It seems to us that 'embodied in the instrument' means 'embodied in the original contract,' and that detached words on the back of the instrument at the time it is issued are not embodied in the contract expressed on the face of the instrument.

"A waiver may be contained in the body of the instrument, or in an indorsement thereon; ordinarily, the contract evidenced by a promissory note is expressed upon its face at the time it is issued, and a waiver printed on the back of the note when it is issued is of no force and effect until there is an indorsement placed on the back of the note, in such a manner as to adopt such waiver; usually, when an indorsement is placed on the back of the note, new parties become interested and new contract relations are created; this statute recognizes and provides for these two classes of waivers— those appearing on the face of the note, and those appearing on the back of the note.

"If those on the back are embodied in the instrument so as to be the same as those on the face, then there is but one class and there is no class to which the second clause of said section may be applied.

"We are of the opinion, that, under this section, waivers which appear on the face of the instrument are the only ones which can be considered as embodied in the instrument, and that waivers on the back, placed thereon before the instrument was issued, and not referred to on the face of the instrument, should no longer be given the same effect as waivers on the face of the instrument, but should be considered in the class referred to in the second clause of section 8215, General Code. *Mooers* v. *Stalker,* 194 Iowa, 1354 (191 N. W. 175)."

It seems clear defendant was an indorser; he is not bound by the printed guaranty of payment, or the waiver on the note; the form of this guaranty and waiver and its location on the instrument is adapted, if construed as appellee contends, to fraud-

ulent use; nothing indicates defendant signed, accepted, or approved of this printing upon the instrument; no presentment, demand, or notice of dishonor was given defendant. He is therefore not bound. Judgment reversed, with costs, and judgment directed to be entered for defendant.

SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred. CLARK, C. J., and McDONALD, J., did not sit.