*Municipal Court of the City of Boston*

No. 23971

**LOUIS SNAPPER**

v.

**HOME INSURANCE COMPANY**

(December 9 — December 16, 1960)

*Present:* Adlow, C. J., Shamon & Glynn, JJ.

Case tried to *Roberts, J.*

*Adlow, C. J.* Action of contract to recover on a draft payable to one Louis Dubrow and assigned by him to the plaintiff.

In July, 1959 the defendant insurance company issued a policy of insurance in favor of Louis Dubrow. This policy was originally placed with the defendant's agent, Robert Shaw, by the plaintiff Louis Snapper who was a general insurance broker. Shortly thereafter a claim was made for a loss, allegedly covered by the aforesaid policy, and on October 15, 1959 a draft was drawn on the Home Insurance Company which draft was signed by Robert Shaw, agent for the company, and was also signed across the left margin by Henry T. Desmond "for the company". The draft recited that:

"Upon acceptance pay to the order of Louis Dubrow $1,975.45 which payment evidenced by proper endorsement hereof, will constitute full satisfaction of all claims and demands for loss and damage by perils insured against which occurred August 10, 1959 to property described in Home S.P. 653470."

The draft was signed as noted above.

On receiving said draft the payee, Louis Dubrow, accompanied by the plaintiff went to the plaintiff's bank where the teller advised him that he could not cash the draft because it was subject to acceptance by the Home Insurance Company in New York. Notwithstanding the notice given the plaintiff by the bank teller, he drew his own funds from the bank in the amount of $1,975.45 and paid it over to Dubrow deducting therefrom $200, being the amount due to him as a premium on the aforementioned policy. Dubrow thereupon endorsed his name on the back of said draft and the plaintiff in like manner endorsed his name on same, and then he deposited the draft with his bank for collection. Some days later the draft was returned, acceptance having been refused by the defendant when presentment was made in New York.

In this action the plaintiff who advanced to Dubrow the amount represented by the draft seeks to recover as the assignee of Dubrow. Were the draft issued unconditionally

there can be no question as to the plaintiff's right to sue in his own name and to recover. *McKeown v. Lacey,* 200 Mass. 437. However, this draft was payable only on the condition that it be accepted. As such it was neither a negotiable instrument nor a chose in action, and never became a complete and operative contract. *Berenson v. London and Lancashire Fire Ins. Co.,* 201 Mass. 172, 174. It has been urged by the plaintiff that the signature of Henry T. Desmond which appears in the left margin of the draft over the words "for the company" constituted an acceptance. We do not agree. There is nothing to indicate that said Desmond had authority to accept this draft for the company. From the face of the instrument it would appear that both Shaw and Desmond had a limited authority to adjust the loss on the part of the defendant, and that the issuance of the draft subject to its acceptance by the company constituted the extent of their authority. This acceptance was never forthcoming and no rights arose on the instrument in this incomplete form.

*Report dismissed.*