PONDER, Judge.
Defendant appealed from a summary judgment granted to plaintiff on an insurance draft.
The issue is the propriety of summary judgment.
We reverse.
An adjuster issued a draft to Kevlin Owens in payment of an insurance loss insured by the defendant. It was drawn upon Sei-bels-Bruce Group through The South Carolina National Bank, and provided that “upon acceptance pay to the order of . . . Owens.” Plaintiff paid the proceeds of the draft to Owens. When the draft was presented to the South Carolina National Bank, defendant had stopped payment, after concluding the insurance claim was improper.
Plaintiff, alleging that the draft is a negotiable instrument and that it was a holder in due course, sued for recovery. Appellant defended on the basis that the words “upon acceptance” made the draft a conditional promise to pay, thus preventing it from being a negotiable instrument.
There is some jurisprudence, not yet adopted in Louisiana, that when the drawer and the drawee are the same the act of drawing is also one of accepting and the draft is negotiable. See Wachovia Bank & Trust Co. v. American Bankers Insurance Co. of Florida, 146 S.E.2d 79 (N.C.1966) and First National Bank of Huttig v. Rhode Island Ins. Co., 43 S.W.2d 535 (Ark.1931).
The motion for summary judgment refers to an attached affidavit. The trial court refers to stipulation of counsel. Both judgments, one signed on January 11 and the other on January 25,1980, refer to evidence adduced at the hearing, to documents, affidavits, testimony and other evidence. The record contains no stipulation, no affidavits, no transcript of testimony and no other evidence except the draft sued on.
Counsel has furnished a copy of affidavit in support of motion for summary judg *360 ment. Even if we can consider it, it does riot show the relationship among the signer of the draft, the Seibels-Bruce Group, South Carolina Insurance Co. and The South Carolina National Bank. We therefore have no proof that the drawer and drawee is the same.
Without going into the merits of the case, we find that plaintiff has not borne its burden in securing a summary judgment.
The judgment is therefore reversed and the case is remanded for further proceedings not inconsistent with these reasons. The cost of this appeal is cast against the appellee. All other costs are deferred pending the outcome.
REVERSED AND REMANDED.
LOTTINGER, J., dissents and assigns written reasons.