432 So.2d 417 (1983)
FIRST NATIONAL BANK OF DENHAM SPRINGS
v.
SOUTH CAROLINA INSURANCE COMPANY.
No. 82 CA 0789.
Court of Appeal of Louisiana, First Circuit.
May 17, 1983.
*418 Robert H. Morrison, III, Denham Springs, for plaintiff-appellant: First National Bank of Denham Springs.
Christopher M. Moody, Hammond, for defendant-appellee: South Carolina Insurance Co.
Before LOTTINGER, COLE and CARTER, JJ.
LOTTINGER, Judge.
A narrow issue of commercial law is before us on appeal. Do the words "upon acceptance" in a draft condition a promise to pay and render the draft non-negotiable? The trial court found originally that the words did not condition the promise to pay and rendered summary judgment in favor of the plaintiff bank. On appeal, this court held that a substantial factual issue existed as to whether the drawer and drawee were the same entity, which issue precluded summary judgment, 393 So.2d 359 (La.App. 1st Cir.1980). On remand, the parties entered into the following stipulation in lieu of trial on the merits:
"1. This stipulation is intended to be submitted as to all relevant facts pertaining to this controversy, and is submitted in lieu of formal trial on the merits. The parties hereto waive formal trial and all further notices herein. Plaintiff is to have ten (10) days following submission of this stipulation in which to file a trial brief herein, and Defendant is to have ten (10) additional days in which to file its trial brief. Upon submission of Defendant's brief, the matter shall be deemed submitted for the Court's decision.
"2. On or about September 8, 1977, Defendant, South Carolina Insurance Company, issued its Draft Number R87633, payable to the order of Kevlin Owens, in the amount of Five Thousand, Five Hundred Eighty-four and No/100ths ($5,584.00) Dollars, drawn on the account of Seibels, Bruce Group, at the South Carolina National Bank.
"3. Kevlin Owens subsequently negotiated this check to Plaintiff, First National Bank of Denham Springs, which paid Owens the entire amount thereof, and delivered the check to the South Carolina National Bank.
"4. Defendant subsequently discovered alleged fraud in the claim of Kevlin Owens for which this draft was issued, and obtained a stop payment order on the draft. It is stipulated that Defendant would have had a defense of fraud as against Kevlin Owens for the payment of this check.
"5. The draft was not honored when presented to the South Carolina National Bank, and was returned to Plaintiff.
"6. The draft contained the provision that it was payable as follows: `Upon acceptance, pay to the order of Kevlin Owens...'
"7. The draft was executed on behalf of Defendant by its agent, Arthur L. Magee, who had full authority to settle this claim with Kevlin Owens and to bind Defendant and execute an instrument such as this draft on Defendant's behalf.
"8. South Carolina Insurance Company is a wholly owned subsidiary of Seibels, Bruce Group. The account on which this draft was drawn is a joint fund set up by Seibels, Bruce Group for the payment of drafts drawn for the settlement of claims against South Carolina Insurance Company and two other wholly owned subsidiary insurance companies of Seibels, Bruce Group. South Carolina Insurance Company was thereby both the drawer and the drawee of this draft."
The suit of the plaintiff bank alleges its status as a holder in due course of the draft, and that the defenses of fraud or lack of consideration cannot be asserted against it. On remand, after receiving the stipulation and trial briefs of the parties, the trial court rendered judgment in favor of the defendant. Plaintiff has appealed devolutively.
La.R.S. 10:3-104(1) provides in pertinent part:
"Any writing to be a negotiable instrument... must ... contain an unconditional promise ... to pay a sum certain[.]"
*419 The insurer claims that the language "upon acceptance" made its promise to pay conditional, and thus the draft is not a negotiable instrument. Since the draft is non-negotiable, the defendant asserts that the plaintiff cannot enjoy holder in due course status, and that the defendant is entitled to raise the defense of fraud or lack of consideration.
While, to our knowledge, this issue has not been addressed by a Louisiana court, the North Carolina Supreme Court has held that where, as in the case before this court, the drawer and drawee of a draft are the same, the instrument is accepted by the very fact of drawing the draft. Under this reasoning, the language "upon acceptance" has no legal significance and cannot destroy the negotiability of the note. Wachovia Bank & Trust Company v. American Bankers Insurance Company of Florida, 266 N.C. 279, 146 S.E.2d 79 (N.C.1966). See also First National Bank of Huttig v. Rhode Island Insurance Company, 184 Ark. 812, 43 S.W.2d 535 (Ark.1931); and 10 C.J.S., Bills and Notes § 171.
We find that the Wachovia Bank case is persuasive and should be followed. We conclude, therefore, that the draft in this suit was a negotiable instrument, and that the plaintiff is a holder in due course. As a holder in due course, the plaintiff takes the instrument free from any of the defenses sought to be asserted by the defendant in this case. La.R.S. 10:3-305. Thus, the trial court erred in rendering judgment in favor of the defendant insurer.
Therefore, for the above and foregoing reasons, judgment of the trial court in favor of defendant-appellee, South Carolina Insurance Company, is hereby reversed. There is now judgment in favor of plaintiff-appellant, First National Bank of Denham Springs, in the amount of Five Thousand, Five Hundred Eighty-four and No/100ths ($5,584.00) Dollars, with legal interest thereupon from date of judicial demand until paid. All costs, both in this court and in the trial court, are assessed to defendant-appellee.
REVERSED AND RENDERED.